VICTOR S. EVERETT, Suing on His Own Behalf and on Behalf of All Other Stockholders of EMPIRE POWER CORPORATION, Similarly Situated, Respondent, v. ELLIS L. PHILLIPS, ROBERT G. OLMSTED, JOHN A. MCKENNA, HENRY R. FROST, HUGH M. PIERCE and LONG ISLAND LIGHTING COMPANY, Appellants; EMPIRE POWER CORPORATION and Others, Defendants.— In a stockholder's derivative action, an interlocutory judgment was entered restraining defendant Empire Power Corporation, a holding company, and its officers and directors, from granting any further extension of the indebtedness due from defendant Long Island Lighting Company, an operating utility corporation, and directing that the indebtedness with interest be paid by the Long Island Lighting Company in a manner to be determined after a referee has made and filed a report as to a plan for repayment of the indebtedness and the amount of damages sustained by Empire Power Corporation by reason of the making and non-payment of the loans, and also directing that in the event of the non-payment of any part of the judgment by the Long Island Lighting Company, judgment be entered against the individual defendants-appellants for the deficiency, and further directing that upon the entry of final judgment plaintiff have costs and disbursements, together with a counsel fee to be later determined. The Long Island Lighting Company and the above-named individual defendants other than George W. Olmsted and Russell F. Van Doorn, who died prior to the trial, appeal. The Empire Power Corporation has not appealed. Interlocutory judgment, in so far as appealed from, reversed on the law and the facts, with costs, and complaint dismissed on the law, with costs. In our opinion the loans to the Long Island Lighting Company and the renewals and extensions thereof were not *ultra vires*, for under its certificate of incorporation the Empire Power Corporation was authorized to acquire " evidences of indebtedness of other corporations." The notes of the Long Island Lighting Company and the refundings thereof were all made for periods of less than twelve months; therefore, they were not illegal and section 69 of the Public Service Law was neither violated nor circumvented. While some of the individual defendants were directors and officers of both corporations, the certificate of incorporation of the Empire Power Corporation provides: " No contract or other transaction between the Corporation and any other corporation shall be affected or invalidated by the fact that any one or more of the directors of this Corporation is or are interested in, or is a director or officer, or are directors or officers of such other corporation, * * * and no contract, act or transaction of this Corporation with any person or persons, firm or corporation, shall be affected or invalidated by the fact that any director or directors of this Corporation is a party, or are parties to or interested in such contract, act or transaction, or in any way con-

nected with such person or persons, firm or association, and each and every person who may become a director of this Corporation is hereby relieved from any liability that might otherwise exist from contracting with the Corporation for the benefit of himself or any firm, association or corporation in which he may be in anywise interested." While this provision would not relieve the individual defendants-appellants if they were guilty of illegal acts or motivated by bad faith, the evidence is insufficient to support a finding that they acted dishonestly or in fraud of the corporation or its stockholders. Whether the Empire Power Corporation should take immediate steps to collect or reduce the indebtedness is for its directors to determine in the exercise of their business judgment and, in the absence of fraud or bad faith, the court will not interfere with the control of a corporation, particularly where, as here, no loss has been sustained and the evidence shows the loan or investment is safe and is yielding a fair return. Findings of fact and conclusions of law will be made. Lazansky, P. J., Hagarty, Johnston and Taylor, JJ., concur; Close, J., concurs in result. Settle order on notice.